# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 1:08cv1349 OWW DLB |
| | ) | |
| | ) | ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT |
| Plaintiff, | ) | |
| v. | ) | (Document 37) |
| FRANK A. VACANTE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On September 15, 2008, Plaintiff United States of America ("Plaintiff") filed the instant motion for leave to file a first amended complaint. After no oppositions were received, the matter was deemed suitable for decision without oral argument and the October 17, 2008, hearing was taken off calendar. Local Rule 78-230(h).

**BACKGROUND**

Plaintiff filed the instant complaint to reduce federal tax assessments to judgment and foreclose federal tax liens on real property on June 10, 2008.[1] The tax assessments at issue are against husband and wife Frank and Ute Vacante and their alleged alter egos, Central Valley Insurance Services, Inc. ("CVIS"), and Instant Services, Inc. The remaining Defendants were named because they may claim an interest in the real property that is the subject of the action.

---

[1] The action was originally filed in the Sacramento division of this Court. It was transferred here on September 11, 2008.

According to the complaint, the Vacantes have operated an insurance business since at least 1987. By November 1992, the Vacantes' unincorporated business had unpaid federal employment tax liabilities and the IRS assigned the case to a Revenue Officer for collection. To avoid the tax liabilities, Plaintiff alleges that Frank Vacante filed an Employer's Quarterly Federal Tax Return falsely indicating that the unincorporated business no longer had employees. Plaintiff further alleges that the Vacantes incorporated CVIS in August 1993 and transferred the assets of the unincorporated business to CVIS. The State of California suspended the corporate charter of CVIS in April 1997, but the Vacantes continued to operate it until at least 2001. In March 2001, the California Department of Insurance closed CVIS. Instant Services, Inc., was incorporated in Nevada on March 23, 2001. Plaintiff alleges that the unincorporated business, CVIS and Instant Services were all operated out of the same business location, employed the same staff, sold the same product and utilized the same phone numbers. They were all operated under Frank Vacante's broker's license.

On March 7, 2003, this Court entered judgment by default against Frank Vacante for unpaid employment taxes and federal unemployment taxes in the amount of $21,087.91, plus interest and penalties and other statutory additions from November 1, 2002 until paid.[2] $13,666.86 is still owing on that judgment, as well as over $1 million dollars in other tax liabilities.

The subject properties consist of five parcels in Turlock, Riverbank, Ceres and Hilmar, California owned by the Vacantes. Numerous Notices of Federal Tex Liens have been filed against the properties.

Most Defendants, including the Vacantes, have filed answers. A scheduling conference is currently set for December 18, 2008.

Plaintiff filed the instant motion to amend on September 15, 2008. Plaintiff seeks to add Ocwen Loan Servicing as a defendant.

No oppositions have been filed.

---

[2] United States v. Frank Vacante, 1:02cv5565 OWW DLB.

2

1 **DISCUSSION**

2 Federal Rule of Civil Procedure Rule 15(a) provides that leave to amend "shall be freely

3 given when justice so requires." The United States Supreme Court has stated:

4 [i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by
5 amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the
6 rules require, be "freely given."

7 Foman v. Davis, 371 U.S. 178, 182 (1962). The Ninth Circuit has summarized these factors to

8 include the following: (1) undue delay; (2) bad faith; (3) prejudice to the opponent; and (4)

9 futility of amendment. Loehr v. Ventura County Cmty. Coll. Dist., 743 F.2d 1310, 1319 (9th Cir.

10 1984). Granting or denial of leave to amend rests in the sound discretion of the trial court.

11 Swanson v. United States Forest Serv., 87 F.3d 339, 343 (9th Cir. 1996). Despite the policy

12 favoring amendment under Rule 15, leave to amend may be denied if the proposed amendment is

13 futile or would be subject to dismissal. Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991).

14 Plaintiff moves to add Ocwen Loan Servicing as a Defendant.[3] Plaintiff explains that

15 Defendant New Century Mortgage Corporation recorded deeds of trust on two of the subject

16 properties. After serving New Century's registered agent for service of process, the New Century

17 Liquidating Trust informed Plaintiff that New Century filed for bankruptcy on April 2, 2007, and

18 since then, it has sold its loan servicing operations and no longer owns or services any mortgage

19 loans. The New Century Liquidating Trust indicated that the loans related to the two parcels had

20 been transferred to Ocwen Loan Servicing. Exhibit A, attached to Motion.

21 Given the routine nature of the amendment, the lack of opposition, and the fact that this

22 action is in the early stages of litigation, Plaintiff's motion to amend is GRANTED. Plaintiff

---

[3] The amended complaint also omits three Defendants who were voluntarily dismissed.

1  SHALL file its first amended complaint within ten (10) days of the date of service of this order.
2  Defendants who have already filed answers and who are not affected by the instant amendment
3  need not file another answer.

   IT IS SO ORDERED.

   Dated:   **October 21, 2008**              **/s/ Dennis L. Beck**
                                           UNITED STATES MAGISTRATE JUDGE