# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 1:08cv1349 OWW DLB |
| | ) | |
| | ) | ORDER GRANTING PLAINTIFF'S |
| | ) | MOTION FOR LEAVE TO FILE SECOND |
| Plaintiff, | ) | AMENDED COMPLAINT |
| | ) | |
| v. | ) | (Document 70) |
| | ) | |
| FRANK A. VACANTE, et al., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

On June 8, 2009, Plaintiff United States of America ("Plaintiff") filed the instant motion for leave to file a second amended complaint. The matter was heard on September 4, 2009, before the Honorable Dennis L. Beck, United States Magistrate Judge. Adair F. Boroughs appeared on behalf of Plaintiff. Defendant Frank A. Vacante appeared telephonically.

**BACKGROUND**

Plaintiff filed the instant complaint to reduce federal tax assessments to judgment and foreclose federal tax liens on real property on June 10, 2008.[1] The tax assessments at issue are against husband and wife Frank and Ute Vacante and their alleged alter egos, Central Valley Insurance Services, Inc. ("CVIS"), and Instant Services, Inc. The remaining Defendants were named because they may claim an interest in the real property that is the subject of the action.

---

[1] The action was originally filed in the Sacramento division of this Court. It was transferred here on September 11, 2008.

1

Most Defendants, including the Vacantes, filed answers to the original complaint.

On October 24, 2008, Plaintiff filed a first amended complaint. According to the first amended complaint, the Vacantes have operated an insurance business since at least 1987. By November 1992, the Vacantes' unincorporated business had unpaid federal employment tax liabilities and the IRS assigned the case to a Revenue Officer for collection. To avoid the tax liabilities, Plaintiff alleges that Frank Vacante filed an Employer's Quarterly Federal Tax Return falsely indicating that the unincorporated business no longer had employees. Plaintiff further alleges that the Vacantes incorporated CVIS in August 1993 and transferred the assets of the unincorporated business to CVIS. The State of California suspended the corporate charter of CVIS in April 1997, but the Vacantes continued to operate it until at least 2001. In March 2001, the California Department of Insurance closed CVIS. Instant Services, Inc., was incorporated in Nevada on March 23, 2001. Plaintiff alleges that the unincorporated business, CVIS and Instant Services were all operated out of the same business location, employed the same staff, sold the same product and utilized the same phone numbers. They were all operated under Frank Vacante's broker's license.

On March 7, 2003, this Court entered judgment by default against Frank Vacante for unpaid employment taxes and federal unemployment taxes in the amount of $21,087.91, plus interest, penalties and other statutory additions from November 1, 2002 until paid.[2] $13,666.86 is still owing on that judgment, as well as over $1 million dollars in other tax liabilities.

The subject properties consist of five parcels in Turlock, Riverbank, Ceres and Hilmar, California owned by the Vacantes. Numerous Notices of Federal Tex Liens have been filed against the properties.

Plaintiff previously filed a motion to amend the complaint on September 15, 2008. The Court granted the motion on October 22, 2009, and Plaintiff filed its amended complaint.

Plaintiff filed the instant motion to amend the complaint on June 8, 2009. Plaintiff seeks to add a party who may claim an interest in two of the parcels of real property at issue.

---

[2] United States v. Frank Vacante, 1:02cv5565 OWW DLB.

2

No oppositions have been filed.

## DISCUSSION

Federal Rule of Civil Procedure Rule 15(a) provides that the Court "should freely give leave [to amend] when justice so requires." The United States Supreme Court has stated:

> [i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962). The Ninth Circuit has summarized the factors to be considered to include the following: (1) undue delay; (2) bad faith; (3) prejudice to the opponent; and (4) futility of amendment. Loehr v. Ventura County Cmty. Coll. Dist., 743 F.2d 1310, 1319 (9th Cir. 1984). Granting or denial of leave to amend rests in the sound discretion of the trial court. Swanson v. United States Forest Serv., 87 F.3d 339, 343 (9th Cir. 1996). Despite the policy favoring amendment under Rule 15, leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal. Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991).

In its previous motion to amend, Plaintiff moved to add Ocwen Loan Servicing as a Defendant.[3] Plaintiff explained that Defendant New Century Mortgage Corporation recorded deeds of trust on two of the subject properties. After serving New Century's registered agent for service of process, New Century Liquidating Trust informed Plaintiff that New Century filed for bankruptcy on April 2, 2007, and since then, it had sold its loan servicing operations and no longer owned or serviced any mortgage loans. New Century Liquidating Trust indicated that the loans related to the two parcels had been transferred to Ocwen Loan Servicing. Motion, p. 2.

The Court granted Plaintiff's motion for leave to amend to add Ocwen Loan Servicing as a Defendant and Plaintiff filed a first amended complaint on October 24, 2008. Plaintiff now explains that after serving Ocwen Loan Servicing with the amended complaint, Ocwen disclaimed interest in the parcels of real property. Ocwen claimed that while it had serviced the

---

[3] The amended complaint also omitted three Defendants who were voluntarily dismissed.

1  loans for a period of time, it no longer serviced the loans and never owned them. Motion, p.3.
2  Ocwen filed a Disclaimer of Interest on December 16, 2008. (Doc. 59). Therefore, Plaintiff
3  voluntarily dismissed Ocwen from the action on December 31, 2008, before Ocwen filed an
4  answer or a motion for summary judgment. (Doc. 65).

5  Plaintiff reports that after further investigation, it learned that the current loan servicing
6  company is Litton Loan Servicing, LLC. Plaintiff reportedly issued a subpoena to Litton,
7  requesting information regarding the current owner of the loans. Litton responded that the
8  beneficiary of the two deeds of trust is Deutsche Bank National Trust Company. Plaintiff now
9  moves to add Deutsche Bank as a defendant. The proposed Second Amended Complaint
10 purports to delete Ocwen Loan Servicing as a defendant and add "Deutsche Bank National Trust
11 Company, formerly known as Bankers Trust." Proposed Second Amended Complaint, p. 4.

12 Given the routine nature of the amendment, the lack of opposition, and the fact that this
13 action is in the discovery stages of litigation, Plaintiff's motion to amend is GRANTED.
14 Plaintiff SHALL file its second amended complaint within ten (10) days of the date of service of
15 this order. Defendants who have already filed answers and who are not affected by the instant
16 amendment need not file another answer.

18   IT IS SO ORDERED.
19   Dated:   **September 8, 2009**            **/s/ Dennis L. Beck**
                                          UNITED STATES MAGISTRATE JUDGE