UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 1:08-cv-1349 OWW DLB |
| Plaintiff, | ) | JUDGMENT |
| v. | ) | |
| FRANK A. VACANTE, UTE VACANTE, et al., | ) | |
| Defendants. | ) | |

This case was tried before a jury commencing June 4, 2010. Plaintiff was represented by Adair F. Borroughs, Esq. and Patrick Jennings, Esq. Defendants Frank Vacante and Ute Vacante, appeared in propria persona.

On June 18, 2010, the jury returned verdicts partly in favor of the United States and against Defendants Frank Vacante and Ute Vacante. The following judgment is entered on the Court's order for entry of default judgments on the jury's findings.

IT IS ORDERED:

A.  Judgment is entered in favor of the United States and against Frank and Ute Vacante, jointly and severally, in the amount of $11,360.75, plus interest accruing after December

1

|   |   |
|---|---|
|   | 1, 2009, pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c) until paid, for the unpaid balance of federal income tax liabilities for the tax years ending December 31, 2000, and December 31, 2004. |
| B. | Judgment is entered in favor of the United States and against Frank Vacante, in the amount of $57,197.48, plus interest accruing after December 1, 2009, pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c) until paid, for the unpaid balance of federal employment tax liabilities of VIF Insurance Services, a sole proprietorship, for the tax periods (quarters) ending June 30, 1993, September 30, 1993, December 31, 1993, March 31, 1994, June 30, 1994, September 30, 1994, and December 31, 1994, and for the unpaid balance of FUTA tax liabilities for the tax years ending December 31, 1993, and December 31, 1994.  The income upon which this liability was calculated was reduced by $75,000 in accord with the findings of the jury. |
| C. | Judgment is entered in favor of the United States and against Central Valley Insurance Services, Inc., in the amount of $858,794.86, to be reduced by $11,937.00, plus interest, in the net amount of $845,147.93 to December 1, 2009, reflecting self-employment taxes already paid, plus interest accruing after December 1, 2009, pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c) until paid, for the unpaid balance of federal employment tax liabilities for the tax periods (quarters) ending March 31, 1995, June 30, 1995, September 30, 1995, December 31, 1995, |

|    |    |    |
|----|----|----|
| 1  |    | March 31, 1996, June 30, 1996, September 30, 1996, December |
| 2  |    | 31, 1996, March 31, 1997, June 30, 1997, December 31, 1998, |
| 3  |    | March 31, 1999, September 30, 1999, December 31, 1999, March |
| 4  |    | 31, 2000, June 30, 2000, September 30, 2000, December 31, |
| 5  |    | 2000, and March 31, 2001, the unpaid balance of FUTA tax |
| 6  |    | liabilities for the tax year ending December 31, 2000, and |
| 7  |    | the unpaid balance of federal tax liabilities assessed under |
| 8  |    | 26 U.S.C. § 6721 for the tax year ending December 31, 1998. |
| 9  | D. | Judgment is entered in favor of the United States and |
| 10 |    | against Instant Services, Inc., in the amount of $85,007.68, |
| 11 |    | plus interest accruing after December 1, 2009, pursuant to |
| 12 |    | 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c) |
| 13 |    | until paid, for the unpaid balance of federal employment tax |
| 14 |    | liabilities for the tax periods (quarters) ending September |
| 15 |    | 30, 2001, December 31, 2001, March 31, 2002, December 31, |
| 16 |    | 2002, March 31, 2003, September 30, 2003, June 30, 2004, |
| 17 |    | September 30, 2004, December 31, 2004, March 31, 2005, and |
| 18 |    | September 30, 2005, and the unpaid balance of FUTA tax |
| 19 |    | liabilities for the tax year ending December 31, 2001. |
| 20 | E. | Instant Services, Inc. is a successor-in-interest of Central |
| 21 |    | Valley Insurance Services, Inc. and, therefore, liable for |
| 22 |    | the unpaid tax liabilities of Central Valley Insurance |
| 23 |    | Services, Inc., set forth above in paragraph C. |
| 24 | F. | Frank and Ute Vacante dba V/F Insurance Services are |
| 25 |    | successors-in-interest of Instant Services, Inc. and, |
| 26 |    | therefore, Frank and Ute Vacante are jointly and severally |
| 27 |    | liable for the unpaid tax liabilities of Instant Services, |
| 28 |    | Inc., and the unpaid tax liabilities of Central Valley |

3

|     |      |                                                                 |
|-----|------|-----------------------------------------------------------------|
|     |      | Insurance Services, Inc., set forth above in paragraphs C and D. |
|     | G.   | Dan Belew, III, Ute Vacante, Cynthia Nunes (now Cynthia Burris), and Ira White were all officers of Central Valley Insurance Services, Inc. |
|     | H.   | Frank Vacante was not a "responsible person" as that term is defined by 26 U.S.C. § 6672 for Central Valley Insurance Services, Inc., during 1999 and 2000. |
|     | I.   | Ute Vacante was a "responsible person" as that term is defined by 26 U.S.C. § 6672 for Central Valley Insurance Services Inc., during 1999 and 2000, but Ms. Vacante's failure to pay over the withholding taxes was not "willful" as the term is defined by 26 U.S.C. §§ 6672. |
|     | J.   | Central Valley Insurance Services, Inc., was not a successor-in-interest of the VIF Insurance Services that existed in the early 1990's. |
|     | K.   | The corporate form of Central Valley Insurance Services, Inc., should not be disregarded and Frank Vacante is not personally liable under an alter ego theory for the unpaid tax liabilities of Central Valley Insurance Services, Inc. |
|     | L.   | The corporate form of Central Valley Insurance Services, Inc., should not be disregarded and Ute Vacante is not personally liable under an alter ego theory for the unpaid tax liabilities of Central Valley Insurance Services, Inc. |
|     | M.   | The corporate form of Instant Services, Inc., should not be disregarded and Frank Vacante is not personally liable under an alter ego theory for the unpaid tax liabilities of Instant Services, Inc. |

1  N.  The corporate form of Instant Services, Inc., should not be
2      disregarded and Ute Vacante is not personally liable under
3      an alter ego theory for the unpaid tax liabilities of
4      Instant Services, Inc.
5  O.  Judgment is entered in favor of the United States and
6      against Defendants Washington Mutual Bank, Beneficial
7      California, Inc., Northern California Collection Service,
8      Inc., Turlock Irrigation District, and Deutsche Bank
9      National Bank Trust Company, and the interests of defendants
10     Washington Mutual Bank, Beneficial California, Inc.,
11     Northern California Collection Service, Inc., Turlock
12     Irrigation District, and Deutsche Bank National Bank Trust
13     Company in the subject real properties are extinguished in
14     favor of the United States.
15 P.  The United States is entitled to foreclose its tax liens
16     against and to sell the following real properties:

**THE SUBJECT PROPERTY**

A.  **Lander Avenue Property**

One of the parcels of real property that is the subject of this action is located at 500 & 510 Lander Avenue, Turlock, California (herein referred to as the "Lander Avenue Property"), in the County of Stanislaus, State of California, and is more particularly described as follows:

All of Lot 6 in Block 524 of the City of Turlock, according to the Official Map thereof, filed in the office of the Recorder of Stanislaus County, California on February 6, 1920, in Vol. 9 of Maps, Page 25.

Excepting therefrom that portion conveyed to the City of Turlock, by deed recorded April 25, 1950, Instrument No. 9219, and more particularly described as follows:

```
Beginning at the most northerly corner of Lot 6 in said
Block 524; thence south along the west line of said
Lot, a distance of 8.87 feet to a point; thence north
71° 33' east, 6.5 feet to the northeasterly line of
said Lot 6; thence north 42° 21' west 9.80 feet to the
point of beginning.
```

APN: 043-046-001

On or about April 30, 1974, a Grant Deed for the Lander Avenue Property was recorded in the name of Dan W. Belew, Jr., and Ute G. Belew (aka Ute Vacante), as Joint Tenants with the County Recorder of Stanislaus County.

On or about April 3, 1989, the Divorce Judgment for Dan and Ute Belew was recorded, awarding the Lander Avenue Property to Ute Belew (aka Ute Vacante).

B.   <u>Minaret Avenue Property</u>

One of the parcels of real property that is the subject of this action is located at 835 S. Minaret Avenue, Turlock, California (herein referred to as the "Minaret Avenue Property"), in the County of Stanislaus, State of California, and is more particularly described as follows:

```
Lot 21 and the southeast 5 feet of Lot 22 in Block 5 of
the Sunnyview Tract as per map filed on June 24, 1944,
in Volume 14 of Maps, at Page 26, Stanislaus County
Records.
```

APN: 043-024-042

On or about August 4, 1965, a Grant Deed for the Minaret Avenue Property was recorded in the name of Dan W. Belew, Jr., and Ute G. Belew (aka Ute Vacante), as Joint Tenants with the County Recorder of Stanislaus County.

By Grant Deed recorded on or about December 30, 1985, with the County Recorder of Stanislaus County, Dan W. Belew, Jr., conveyed the Minaret Avenue Property to Ute G. Belew (aka

6

Ute Vacante).

C. <u>Snedigar Road Property</u>

One of the parcels of real property that is the subject of this action is located at 6837 Snedigar Road, Riverbank, California (herein referred to as the "Snedigar Road Property"), in the County of Stanislaus, State of California, and is more particularly described as follows:

Lot 259, of Riverbank Irrigated Farms, as per map filed January 15, 1913, in Volume 7 of Maps, at Page 23, Stanislaus County Records.

APN: 062-019-40

On or about December 6, 1989, a Grant Deed for the Snedigar Road Property was recorded in the name of Ute Belew (aka Ute Vacante) with the County Recorder of Stanislaus County.

D. <u>Lupin Lane Property</u>

One of the parcels of real property that is the subject of this action is located at 1909 Lupin Lane, Ceres, California (herein referred to as the "Lupin Lane Property"), in the County of Stanislaus, State of California, and is more particularly described as follows:

Lot 19 in Block 575 of Astro Terrace as per map filed June 13, 1972, in Volume 23 of Maps at page 82, Stanislaus County Records.

Excepting therefrom a life estate which is reserved unto the Grantors of the survivor of them.

APN: 069-007-023.

By Grant Deed recorded on or about May 7, 1992, with the County Recorder of Stanislaus County, Andrew F. Vacante and Catherine Vacante conveyed the Lupin lane Property to Frank A. Vacante as his sole and separate property, excepting a

7

life estate for themselves.

Andrew F. Vacante died on November 4, 1992.

Catherine Vacante died on May 28, 2001.

E.   **August Avenue Property**

One of the parcels of real property that is the subject of this action is located at 24413 & 24425 August Avenue, Hilmar, California (herein referred to as the "August Avenue Property"), in the County of Merced, State of California, and is more particularly described as follows:

The West half of the Northwest quarter of the Northeast quarter of Section 13, Township 6 South, Range 9 East, M.D.B. & M., in the County of Merced, State of California, according to the Official Plat thereof.

APN:  045-020-019

On or about April 3, 1989, a Grant Deed for the August Avenue Property was recorded in the name of Ute Belew (now Ute Vacante) with the County Recorder of Merced County.

The sale shall be conducted by an IRS Property Appraisal and Liquidation Specialist.  The sale proceeds will be distributed in accordance with the Order Regarding Lien Priority entered April 13, 2010 (Doc. No. 156).

Q. Each party shall bear its, his, or her costs. IT IS SO ORDERED.

Dated:   September 22, 2010         /s/ Oliver W. Wanger
                                    UNITED STATES DISTRICT JUDGE