BENJAMIN B. WAGNER
United States Attorney

ADAIR F. BOROUGHS
G. PATRICK JENNINGS
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C.  20044-0683
Telephone:   (202)305-7546
                      (202) 307-6648
E-mail:        adair.f.boroughs@usdoj.gov
                  guy.p.jennings@usdoj.gov

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Civil No. 08-CV–01349-OWW-DLB |
| v. | ) |
| FRANK A. VACANTE, UTE VACANTE aka UTE BELEW, CENTRAL VALLEY INSURANCE SERVICES, INC., INSTANT SERVICES, INC., et al., | ) **STIPULATION AND ORDER OF JUDICIAL SALE** |
| Defendants. | ) |

A final judgment was entered by this Court in the above-entitled action, on September 22, 2010, (Dkt. No. 223) ordering that the United States is entitled to foreclose its federal tax liens and sell the subject real properties.  The parties stipulate that an Order of Judicial Sale may be entered as follows.

The subject properties include the following parcels of real property:

(1) real property located at 500 & 510 Lander Avenue, Turlock, California (herein referred to as the "Lander Avenue Property"), in the County of Stanislaus, State of California, and more particularly described as follows:

-1-

All of Lot 6 in Block 524 of the City of Turlock, according to the Official Map thereof, filed in the office of the Recorder of Stanislaus County, California on February 6, 1920, in Vol. 9 of Maps, Page 25.

Excepting therefrom that portion conveyed to the City of Turlock, by deed recorded April 25, 1950, Instrument No. 9219, and more particularly described as follows:

Beginning at the most northerly corner of Lot 6 in said Block 524; thence south along the west line of said Lot, a distance of 8.87 feet to a point; thence north 71° 33' east, 6.5 feet to the northeasterly line of said Lot 6; thence north 42° 21' west 9.80 feet to the point of beginning.

APN:  043-046-001

(2) real property located at 835 S. Minaret Avenue, Turlock, California (herein referred to as the "Minaret Avenue Property"), in the County of Stanislaus, State of California, and more particularly described as follows:

Lot 21 and the southeast 5 feet of Lot 22 in Block 5 of the Sunnyview Tract as per map filed on June 24, 1944, in Volume 14 of Maps, at Page 26, Stanislaus County Records.

APN:  043-024-042

(3) real property located at 6837 Snedigar Road, Riverbank, California (herein referred to as the "Snedigar Road Property"), in the County of Stanislaus, State of California, and more particularly described as follows:

Lot 259, of Riverbank Irrigated Farms, as per map filed January 15, 1913, in Volume 7 of Maps, at Page 23, Stanislaus County Records.

APN:  062-019-40

(4) real property located at 1909 Lupin Lane, Ceres, California (herein referred to as the "Lupin Lane Property"), in the County of Stanislaus, State of California, and more particularly described as follows:

Lot 19 in Block 575 of Astro Terrace as per map filed June 13, 1972, in Volume 23 of Maps at page 82, Stanislaus County Records.

Excepting there from a life estate which is reserved unto the Grantors of the survivor of them.

APN 069-007-023

*Order of Sale*

(5) real property located at 24413 & 24425 August Avenue, Hilmar, California (herein referred to as the "August Avenue Property"), in the County of Merced, State of California, and more particularly described as follows:

> The West half of the Northwest quarter of the Northeast quarter of Section 13, Township 6 South, Range 9 East, M.D.B. & M., in the County of Merced, State of California, according to the Official Plat thereof.

APN:  045-020-019

(Collectively referred to hereinafter as "the Properties.")

Accordingly, it is **ORDERED** as follows:

1.  An Internal Revenue Service Property Appraisal and Liquidation Specialist ("PALS"), (hereinafter reference to the PALS shall also refer to his or her agents, officers, and representatives) is authorized and directed under 28 U.S.C. §§ 2001 and 2002 to offer for public sale and to sell the Properties.  The United States shall make the arrangements for the sale as set forth in this Order.  The Properties may be offered for sale separately or in groupings, at the discretion of the PALS.  However, all Properties may be auctioned and sold at the same public sale, even if sold separately.

2.  The United States will not hold a public sale of the Properties authorized and directed by this Order before May 31, 2011, unless the conditions of Paragraph 6 or Paragraph 7, below, are met.  If the Judgment in this case is satisfied in full before May 31, 2011, the parties shall so notify the Court and request that the Court vacate this Order of Judicial Sale.

3.  As of the date all occupants are required to vacate the Properties under Paragraph 8, below, the PALS is authorized to have free access to the Properties and to take all actions necessary to preserve the Properties, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the Properties, until deed(s) to the Properties are delivered to the ultimate purchaser(s).

4.  The terms and conditions of the sale(s) are as follows:

a.  the sale(s) of the Properties shall be free and clear of the interests of: the United

*Order of Sale*

States and Defendants Frank Vacante, Ute Vacante, Central Valley Insurance Services, Inc., Instant Services, Inc., Ed Dalton, Annette Dalton, Pacific Bell Directory, Stanislaus County, The Rodrigues Family 1996 Trust, Washington Mutual Bank as assignee of American Savings Bank, Beneficial California, Inc., Oakdale Irrigation District, New Century Mortgage Corporation, the State of California Franchise Tax Board, Union Bank of California, Northern California Collection Service, Inc., Turlock Irrigation District, Merced County, Terry L. Blake, Ocwen Financial Corporation, and Deutsche Bank National Trust Company (formerly known as Bankers Trust).

b.  the sale(s) shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Properties, and easements and restrictions of record, if any;

c.  the sale(s) shall be held at the courthouse of the county or city in which the Properties are located, on the premises of the Properties, or at any other place in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002;

d.  the date and time for the sale(s) are to be announced by the PALS;

e.  notice of sale(s) shall be published once a week for at least four consecutive weeks before the sale(s), in at least one newspaper regularly issued and of general circulation in the county where the Properties sit, and, at the discretion of the PALS, by any other notice deemed appropriate.  The notice(s) shall contain a description of the Properties to be sold and shall contain the terms and conditions of sale in this order of sale;

f.  The minimum bid(s) for the sale(s) will be set by the Internal Revenue Service.  If the minimum bid for a Property or grouping of Properties is not met or exceeded, the PALS may, without further permission of this Court, and under the terms and conditions in this order of sale, hold a new public sale, if necessary, and reduce the minimum bid or sell to the second highest bidder;

g.  the successful bidder(s) at the sale(s) shall be required to deposit at the time of the sale(s) with the PALS a minimum of ten percent of the bid for the applicable Property or

*Order of Sale*

grouping of Properties, with the deposit to be made by certified or cashier's check payable to the United States District Court for the Eastern District of California.

Before being permitted to bid at the sale(s), bidders shall display to the PALS proof that they are able to comply with this requirement.  No bids will be received from any person(s) who have not presented proof that, if they are the successful bidders(s), they can make the deposit required by this order of sale;

h.  the balance of the purchase price for each Property or grouping of Properties is to be paid to the PALS within 45 days after the date the bid is accepted, by a certified or cashier's check payable to the "U.S. District Court for the Eastern District of California."  If the bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, including commissions due under 28 U.S.C. § 1921(c), with any amount remaining to be applied to the federal tax liabilities of Frank and Ute Vacante at issue herein.  The applicable Property or grouping of Properties shall be again offered for sale under the terms and conditions of this order of sale.  The United States may bid as a credit against its judgment without tender of cash;

i.  the sale(s) of the Properties shall be subject to confirmation by this Court.  The PALS shall file a report of sale with the Court for each Property or grouping of Properties sold, together with a proposed order of confirmation of sale, within 20 days from the date of receipt of the balance of the purchase price;

j.  on confirmation of the sale, the PALS shall execute and deliver deed(s) of judicial sale conveying the appropriate Properties to the purchaser(s);

k.  on confirmation of the sale, all interests in, liens against, or claims to, the Properties that are held or asserted by all parties to this action are discharged and extinguished;

l.  on confirmation of the sale, the recorder of deeds for the county in which the Properties sit shall cause transfer of the Properties to be reflected upon that county's register of title; and

*Order of Sale*

m.  the sale is ordered pursuant to 28 U.S.C. § 2001, and is made without right of redemption.

5.  Until the Properties are sold, Frank and Ute Vacante shall take all reasonable steps necessary to preserve the property (including all buildings, improvements, fixtures and appurtenances on the property) in its current condition including, without limitation, maintaining a fire and casualty insurance policy on the Properties. They shall neither commit waste against the Properties nor cause or permit anyone else to do so. They shall neither do anything that tends to reduce the value or marketability of the Properties nor cause or permit anyone else to do so.  The defendants shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements or posting signs) that may directly or indirectly tend to adversely affect the value of the Properties or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do so.

6.  If, at any time after entry of this Order, the Vacantes have not complied with the terms of Paragraph 5, the United States can proceed immediately to sell the Properties at public auction in accordance with the terms of this Order.  If the United States proceeds to sell the Properties under this paragraph, it will notify the Vacantes in writing that all occupants must vacate the Properties within 30 days of the notice.

7.  Until the Properties are sold, Frank and Ute Vacante shall ensure all property taxes due and owing on the Properties are paid in full.  If at any time after entry of this Order, property taxes on any of the Properties become delinquent, the United States can proceed immediately to sell the Properties at public auction in accordance with the terms of this Order.  If the United States proceeds to sale the Properties under this paragraph it will notify the Vacantes in writing that all occupants must vacate the Properties within 30 days of the notice.

8.  All persons occupying any of the Properties shall leave and vacate the Properties permanently on the earlier of April 15, 2011, or 30 days after the United States sends the

1  Vacantes notice that all occupants must vacate in accordance with Paragraph 6 or

2  Paragraph 7, each taking with them his or her personal property (but leaving all

3  improvements, buildings, fixtures, and appurtenances to the property).  If any person fails or

4  refuses to leave and vacate the Properties by the time specified in this Order, the United

5  States Marshal's Office, alone, is authorized to take whatever action it deems appropriate to

6  remove such person from the premises.  If any person fails or refuses to remove his or her

7  personal property from the Properties by the time specified herein, the personal property

8  remaining on the Properties thereafter is deemed forfeited and abandoned, and the United

9  States Marshal's Office is authorized to remove it and to dispose of it in any manner it

10  deems appropriate, including sale, in which case the proceeds of the sale are to be applied

11  first to the expenses of sale and the balance to be paid into the Court for further distribution.

12  //

13  //

14  //

15  //

16  //

17  //

18  //

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28

*Order of Sale*

The proceeds arising from the sale(s) of the Properties are to be paid to the Clerk of this Court and applied as far as they shall be sufficient to the following items, in the order specified:

1.  To the PALS for the costs of the sale, including any expense of maintaining the Properties prior to sale;

2.  To lien holders on the Properties in accordance with the Order Regarding Lien Priority entered April 13, 2010 (Dkt. No. 156);

3.  Any balance remaining after the above payments shall be held by the Clerk until further order of the Court.

Dated: October 15, 2010        By:    /s/ Adair F. Boroughs
                                       ADAIR F. BOROUGHS
                                       Trial Attorney, Tax Division
                                       U.S. Department of Justice

                                       Attorney for the United States

Dated: October 14, 2010        By:    /s/ Andrew J. Weil (as authorized on 10/14/10)
                                       ANDREW J. WEILL
                                       BENJAMIN, WEILL & MAZER
                                       A Professional Corporation

                                       Attorneys for Defendants Frank & Ute Vacante

IT IS SO ORDERED.

**Dated:    October 15, 2010**        _/s/ Oliver W. Wanger_
                                       UNITED STATES DISTRICT JUDGE

*Order of Sale*